IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRIAN AND SHANNON HART, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:22-CV-01367-N |
| | § | |
| STATE FARM LLOYDS, | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM OPINION AND ORDER

This Order addresses Defendant State Farm Lloyds' ("State Farm") motion for summary judgment [15]. For the reasons below, the Court grants summary judgment to State Farm on all claims.

### I. ORIGINS OF THE MOTION

This case arises out of an insurance dispute between Plaintiffs Brian and Shannon Hart and their insurer, State Farm. In February of 2021, a winter storm caused damage to the Harts' home. Pls.' Original Petition ¶ 9–10 [1-5]. The parties then commenced a series of competing inspections to determine the value of the damages and cost of repairs. State Farm initially estimated the replacement cost value at $3,350.18, based on an inspection conducted by Texas Group Restoration Services. Def.'s Appx. Ex. A-1 at App. 52 [16]. The Harts retained their own contractor, who submitted a new estimate for $55,080. *Id* at App. 46-47. State Farm then conducted a second inspection, with the Harts and their contractor present. *Id* at App. 46–47. State Farm's new estimate for the replacement cost value was $10,604.22. Def.'s Appx. Ex. A-5 at App. 54–68 [16]. The Harts then had their

MEMORANDUM OPINION AND ORDER – PAGE 1

private contractor and a public inspector perform additional inspections. Def.'s Appx. Ex. A-1 at App. 23, 20. These estimates were $37,195.87 and $38,664.20, respectively. *Id.* State Farm then provided a final revised estimate of a replacement cost value of $16,663.74 and replacement cost benefits of $2,663.86. Def.'s Appx. Ex. A-12 at App. 97–112 [16]. Taking into account the Harts' deductible, depreciation, and benefits, State Farm paid a total of $11,514.88 across several payments. Def.'s Appx. Ex. A-13 at App. 113–14 [16]. The Harts then sued State Farm for "wrongfully denying coverage for adequate repairs," asserting claims for breach of contract, noncompliance with Texas insurance codes, and bad faith dealings. Pls.' Original Petition ¶ 16–17, 24 [1-5]. State Farm removed the case to federal court. Notice of Removal [1]. State Farm moved for summary judgment. Def.'s Motion [15].

## II. Legal Standard for Summary Judgment

Courts "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). In making this determination, courts must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The moving party bears the initial burden of informing the court of the basis for its belief that there is no genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

When a party bears the burden of proof on an issue, "he must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in

MEMORANDUM OPINION AND ORDER – PAGE 2

his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). When the nonmovant bears the burden of proof, the movant may demonstrate entitlement to summary judgment either by (1) submitting evidence that negates the existence of an essential element of the nonmovant's claim or affirmative defense, or (2) arguing that there is no evidence to support an essential element of the nonmovant's claim or affirmative defense. *Celotex*, 477 U.S. at 322–25.

Once the movant has made this showing, the burden shifts to the nonmovant to establish that there is a genuine issue of material fact so that a reasonable jury might return a verdict in its favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). Moreover, "[c]onclusory allegations, speculation, and unsubstantiated assertions" will not suffice to satisfy the nonmovant's burden. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1). Factual controversies are resolved in favor of the nonmoving party "only when an actual controversy exists, that is, when both parties have submitted evidence of contradictory facts." *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999) (quoting *McCallum Highlands, Ltd. v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995)).

### III. THE COURT GRANTS SUMMARY JUDGMENT TO STATE FARM ON ALL CLAIMS

To survive a motion for summary judgment, the Harts, as the nonmovants, would have to show that a genuine issue of material fact exists for each claim, thus warranting giving the case to a jury to act as a finder of fact. The Court finds that no such fact issue

MEMORANDUM OPINION AND ORDER – PAGE 3

has been established for any of the Harts' claims. Accordingly, State Farm is entitled to judgment as a matter of law and is awarded summary judgment on all claims.

### A. The Harts Cannot Prove Breach of Contract Under Fifth Circuit Law

State Farm is entitled to summary judgment on The Harts' breach of contract claim because the Harts have not put forth evidence that State Farm underpaid them under their policy according to the limitations set by the Federal Rules of Evidence and Fifth Circuit caselaw. To prevail on a claim for breach of an insurance policy, a plaintiff must either actually complete repairs or designate an expert witness to opine about the estimated cost of necessary repairs. The Harts have done neither. Accordingly, the Harts cannot prove that State Farm has not adequately compensated them for the cost of repairs and therefore cannot prevail on their breach of contract claim.

Under the Federal Rules of Civil Procedure, a lay witness may not testify regarding anything "based on scientific, technical, or other specialized knowledge within the scope of Rule 702." FED. R. CIV. P. 701(c). The Fifth Circuit has held that an estimate to repair property damage requires "specialized knowledge of construction and repair work" and therefore is based on specialized knowledge within the scope of Rule 702. *See Pendarvis v. Am. Bankers Ins. Co. of Fla.*, 354 F. App'x 866, 868–69 (5th Cir. 2009) (unpub.). Accordingly, a lay witness cannot testify about estimated repair costs. *Id.* A repair cost estimate requires, "at a minimum, [a witness] to forecast the amount, type, and costs of materials needed, as well as the amount of labor required to complete the long list of repairs. These forecasts are not common knowledge." *Id.* Here, to make an estimate or evaluate State Farm's estimate, the Harts would have to rely on the considerations

MEMORANDUM OPINION AND ORDER – PAGE 4

highlighted in *Pendarvis*, which, according to the Fifth Circuit, are outside their realm of knowledge as nonexperts. A lay witness may testify regarding the cost of repairs that have actually been performed on a property. *Versai Mgmt. Corp. v. Clarendon Am. Ins. Co.*, 597 F.3d 729, 736 (5th Cir. 2010). But expert testimony is "essential" for proving the reasonable costs of reconstruction. *Betzel v. State Farm Lloyds*, 480 F.3d 704, 707 (5th Cir. 2007).

The Harts point to several cases that they argue allow them to establish their estimate through lay witness testimony. Pls.' Am. Response 8-9 [20]. However, those cases are distinct from the case at hand and establish only that a lay witness may testify regarding the value of his or her property, not the value of future repairs to that property. Relying on *Classified Parking Sys. v. Kirby*, 507 S.W.2d 586 (Tex. Civ. App.—Houston [14th Dist.] 1974, no writ), the Harts argue that under Texas law, a party may testify as a lay witness as to the value of his own property. However, *Kirby* does not apply to the evidence disputed by the parties here. The court in *Kirby* found that the lay witnesses could testify regarding the value of the property before its loss. *See Kirby*, 507 S.W.2d at 587-88. This is inapplicable because, in the present case, the Harts do not seek to testify regarding the value of their property, but rather the cost of repairs to that property. *See* Pls.' Am. Response at 8 [20]; *see also* Pls.' Appx. Ex. A. "Decl. of Brian Hart" [19]. The amount of money reasonably necessary to repair damage to a property is not the same as the intrinsic value of a property. While *Kirby* holds that a property owner can testify regarding value, the case is silent on the issue of allowing a lay witness to testify regarding repair costs.

MEMORANDUM OPINION AND ORDER – PAGE 5

The Harts' reliance on *Coker v. Burghardt*, 833 S.W.2d 306 (Tex. App.—Dallas 1992, pet. denied), is likewise misplaced. In *Coker*, the court held that "a witness who familiarizes himself with the reasonable car repair costs in a given county can give his opinion about what those costs might be." *Coker*, 833 S.W.2d at 309. However, this holding came from a state court making a finding based on Texas law. Generally, federal courts apply their own evidentiary rules in diversity matters. *King v. Illinois Cent. R.R.*, 337 F.3d 550, 556 (5th Cir. 2003) (citing *Washington v. Dept. of Transp.*, 8 F.3d 296, 300 (5th Cir. 1993)). This case is presently before this Court based on diversity jurisdiction. In the Fifth Circuit, evidentiary questions in diversity matters are resolved by applying federal law, so the Court will apply the Federal Rules of Evidence and the federal caselaw interpreting them.

Additionally, the Harts argue that the Court cannot rely on the Fifth Circuit cases cited by State Farm regarding the inability of lay witnesses to testify about estimated repairs because the cases originated in Louisiana and were governed by Louisiana substantive law. Pls.' Am. Response at 8-9 [20]. But this argument is unavailing because the particular holdings State Farm relies on involve the Federal Rules of Evidence, not the state laws of either Texas or Louisiana. The Fifth Circuit decisions in *Pendarvis*, *Betzel*, and *Versai* apply here, and the Texas cases cited by the Harts do not overcome those Fifth Circuit holdings. Accordingly, the Harts cannot meet the evidentiary standard required for the issue of estimated cost of repairs under the relevant body of law.

The Harts have provided no expert witnesses who can testify as to the estimated value of the repairs. The Harts have not completed the repairs, and so cannot themselves testify as lay witnesses about the cost of those repairs. Thus, the Harts have no evidence

MEMORANDUM OPINION AND ORDER – PAGE 6

that the reasonable cost of repairs is greater than what State Farm paid them and therefore have no evidence that State Farm violated its obligations under their insurance policy. Accordingly, State Farm is entitled to summary judgment on the Harts' breach of contract claim.

### B.  The Harts Cannot Prove Bad Faith Because There Is No Evidence That There Was No Reasonable Basis For State Farm's Estimates

The Court holds that State Farm is entitled to summary judgment on the Harts' statutory and common law bad faith claims because the Harts have provided no evidence that the disagreement between the parties about the money owed under the policy was not a bona fide dispute about the extent of the damage and coverage.  In short, the Harts have not shown the bad faith necessary to prevail on a bad faith claim.  Under Texas law, a plaintiff must prove two elements to prevail on a bad faith claim in the insurance context: (1) the insurer had no reasonable basis for denying or delaying payment of a claim, and (2) the insurer knew or should have known that no reasonable basis existed.  *Aranda v. Ins. Co. of N. America*, 748 S.W.2d 210, 213 (Tex. 1988) (overruled in part on other grounds, *Tex. Mutual Ins. Co. v. Ruttiger*, 381 S.W.3d 430, 446–51 (Tex. 2013)); *see also Thomas v. Allstate Ins. Co.*, 2004 WL 1574542 at *5 (Tex. App.—Houston [14th Dist.] 2004, no pet.).  An insurer does not breach its duty merely by erroneously denying a claim. *Transportation Ins. Co. v. Moriel*, 879 S.W.2d 10, 17 (Tex. 1994).  Evidence that shows only a bona fide dispute about the insurer's liability on the contract does not rise to the level of bad faith. *Nat'l Union Fire Ins. Co. v. Dominguez*, 873 S.W.2d 373, 376–77 (Tex. 1994).  If the insured fails to produce evidence indicating that the insurer's decision was

MEMORANDUM OPINION AND ORDER – PAGE 7

unreasonable, the insurer is entitled to summary judgment. *Jasso v. State Farm Lloyds*, 2018 WL 2323290, at *3 (S.D. Tex. 2018) (citing *U.S. Fire Ins. Co. v. Williams*, 955 S.W.2d 267, 268 (Tex. 1997)).

The Court concludes that because there is no dispute of fact that State Farm's insurance estimate had no reasonable basis, State Farm is entitled to summary judgment on the Harts' bad faith claims. The Harts advance two primary bases for a determination that State Farm's estimate was made in bad faith: that the coverage estimates provided by State Farm varied significantly from the estimates provided by the Harts own contractors, and that State Farm has revised its estimate after multiple inspections. *See* Pls.' Original Petition ¶ 25-26; Pls.' Am. Response at 13-14 [20]. However, this is precisely the kind of evidence that points to a bona fide dispute about the extent of coverage. As other courts have found, "the mere fact that the insurer relies upon an expert report that conflicts with other expert reports does not, by itself, establish that the insurer's reliance was unreasonable." *Jasso*, 2018 WL 2323290, at *3 (citing *Guajardo v. Liberty Mut. Ins. Co.*, 831 S.W.2d 358, 365 (Tex. App.—Corpus Christi 1992, writ denied). The Harts have provided no evidence that State Farm failed to make its estimate on a reasonable basis. For instance, the Harts have provided no evidence that State Farm acted outside industry norms or performed deficient inspections. There is evidence on the record showing that State Farm conducted inspections of the property and based its estimates on those inspections. *See, e.g.,* Def.'s Appx. Ex. A at App. 3–4 [16]; Def.'s Appx. Ex. A-1 at App. 9, 25–26 [16]; Def.'s Appx. Ex. A-3 at App. 45–50 [16]. That other contractors came up with different estimates and used some differing inspection methods is not evidence that State Farm had

MEMORANDUM OPINION AND ORDER – PAGE 8

no reasonable basis for its estimates; it is merely evidence of a bona fide dispute. Thus, the Harts cannot prove State Farm acted in bad faith.

Because the Fifth Circuit has held that statutory and common law bad faith claims rely on the same standard of conduct and that statutory bad faith claims cannot survive where common law bad faith claims have not, the Harts cannot prevail on any of their bad faith claims. *See Higginbotham v State Farm Lloyds*, 103 F3d 456, 460 (5th Cir. 1997). ("Texas courts have clearly ruled that these extra-contractual tort claims require the same predicate for recovery as bad faith causes of action in Texas"). Accordingly, the Court grants summary judgment to State Farm on the Harts' statutory and common law bad faith claims.

### C. The Harts Cannot Prove Misrepresentation Because There Is No Evidence That State Farm Misrepresented a Material Fact

The Harts have failed to demonstrate a genuine issue of material fact as to their Texas statutory misrepresentation claims because the Harts have not put forth any evidence that State Farm misrepresented any material facts regarding their policy. The Harts' original petition is sparse, and their initial allegations regarding violations of Texas insurance law are mere statements of wrongdoing without supporting facts. Pls.' Original Petition at ¶ 17–18 [1-5]. Furthermore, the Harts do not cite any specific evidence in their response that supports their misrepresentation claims. Pls.' Am. Response at 17-8 [20]. This creates difficulties for the Court in determining the precise grounds on which the Harts allege State Farm violated the Insurance Code or made misrepresentations. The Harts assert their claims under two sections of the Texas Insurance Code. First, under Section

541.060(a)(2)(A) of the Texas Insurance Code: "It is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to engage in . . . failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of . . . a claim with respect to which the insurer's liability has become reasonably clear." As discussed above, the Harts have not provided sufficient evidence to create a fact issue in regard to whether State Farm acted in bad faith. Accordingly, no reasonable juror could find that State Farm engaged in the unfair business practice of failing to attempt equitable settlement in good faith, and State Farm is entitled to summary judgment on this claim.

The Harts also fail to raise a fact issue under the second legal basis for their misrepresentation claims. Under Section 541.061 of the Texas Insurance Code, it is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to misrepresent an insurance policy by (1) making an untrue statement of material fact, (2) failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made, or (3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact. The Harts' argument under this statute appears to be that State Farm falsely stated the extent of the repairs needed and the amount owed under the policy to the Harts, constituting misrepresentation. *See* Pls.' Am. Response at 18 [20]. The Harts argue that State Farm "consistently misrepresented what steps they had taken in order to effectuate a settlement, what damage existed on the property, whether damage that did exist was covered by the claim." *Id.* The Court does not find that State Farm's conduct constitutes misrepresentation under Texas law.

MEMORANDUM OPINION AND ORDER – PAGE 10

To constitute a misrepresentation, a statement must be both: (1) of "a material fact or policy provision," and (2) "relating to coverage at issue." TEX. INS. CODE § 541.060(a)(1); *see ValTex Properties LLC v. Central Mutual Ins. Co.*, 2020 WL 6781944, at *2 (N.D. Tex. 2020). A statement that "concerns a difference of opinion regarding the extent of damage" is not a statement of a material fact or policy provision. *See ValTex*, 2020 WL 6781944, at *2. The statements raised by the Harts as alleged misrepresentations appear to be differences of opinion rather than false statements of material facts regarding the policy. The promise to compensate promptly found in a policy does not become a misrepresentation merely because an insurance carrier delays payment or disputes either the compensability of the injury or the extent of the compensation. *Effinger v. Cambridge Integrated Servs. Group*, 478 F. App'x 804, 807 (5th Cir. 2011) (unpub.). Likewise, an insurer's statement to the insured that coverage is denied is not actionable misrepresentation merely because it is later determined that coverage was appropriate. *Id.* By extension, this Court reasons that it is not misrepresentation to update an estimate of repair cost. The Harts have provided no other factual circumstances that might constitute misrepresentation and therefore there is no genuine issue of material fact on the issue of whether State Farm is liable for misrepresentation. Accordingly, the Court grants summary judgment to State Farm on the Harts' misrepresentation claims.

### D. The Harts Civil Conspiracy Claim Fails As A Matter of Law

State Farm is entitled to summary judgment on the Harts' civil conspiracy claim because the Harts cannot prove that State Farm conspired to commit the underlying tort of unfair or deceptive trade practices under Section 541 of the Texas Insurance Code. Under

MEMORANDUM OPINION AND ORDER – PAGE 11

Texas law, civil conspiracy "is a derivative tort that depends on participation in some underlying tort." *Agar Corp. Inc. v. Electro Circuits Int'l, LLC*, 580 S.W.3d 136, 138 (Tex. 2019). A civil conspiracy claim cannot stand unless the claim for the underlying tort stands. *See Homoki v. Conversion Services, Inc.*, 717 F.3d 388, 402 (5th Cir. 2013). "If a plaintiff fails to state a separate claim on which the court may grant relief, then the claim for civil conspiracy necessarily fails." *Meadows v. Hartford Life Ins. Co.*, 492 F.3d 634, 640 (5th Cir. 2007). The Harts allege that State Farm committed conspiracy by "intentionally conduct[ing] an outcome-oriented investigation in order to avoid paying for all of the damages to the Insured Property covered by the Policy." Pls.' Original Petition at ¶ 27. Essentially, the Harts argue that State Farm conspired to act in bad faith in violation of Texas insurance law. The Court has already found that the Harts have not put forth sufficient evidence that State Farm acted in bad faith or committed unfair or deceptive business practices under the Texas Insurance Code. Because the Harts' bad faith claim under Section 541 of the Texas Insurance Code has failed, the Harts' associated civil conspiracy claim necessarily fails as well.

### V. Conclusion

A fact issue does not exist for the Harts' breach of contract claim because the Harts have not met the evidentiary standards of federal law required to prove the claim. A fact issue does not exist for the Harts' bad faith claims because there is no evidence that State Farm acted without any reasonable basis. A fact issue does not exist for the Harts' misrepresentation claims because no statements made by State Farm constitute

misrepresentations or false statements. Because the Harts have failed to establish any genuine issue of material fact as to any of their claims, State Farm is entitled to judgment as a matter of law. Accordingly, the Court grants summary judgment to State Farm on all claims.

Signed January 25, 2024.

_____
David C. Godbey
Chief United States District Judge